# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § Criminal No. W-04-CR-219 (3) |
| | § |
| ANDRE DONCHILLE BAILEY | § |

## ORDER

Came on this date to be considered Defendant's Motion for Relief Under Title 18 U.S.C. § 3582(c) (2). Defendant's motion is based upon Amendments 706 and 711 to the Sentencing Guidelines, which were determined by the Sentencing Commission to apply retroactively. Having reviewed the motion and the file in this case, the Court has determined the motion lacks merit and should be denied.

Pursuant to a plea agreement, Defendant entered a plea of guilty to the offense conspiracy to distribute 50 grams or more of "crack" cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to a term of imprisonment of 292 months, to be followed by five years of supervised release, a fine in the amount of $1,000, and a $100 mandatory special assessment. At the time of sentencing, Defendant's guideline range was 292 to 365 months, based upon a total offense level of 35 and a criminal history level of VI.

The statute upon which Defendant relies provides, in relevant part:

> . . . [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),

upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis supplied).

In §1B1.10 of the Sentencing Guidelines, the Sentencing Commission has issued the following policy statement in regard to defendants filing for a reduction of sentence under § 3582:

(a) <u>Authority</u>.--
  (1) <u>In General</u>. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed In subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
  (2) <u>Exclusions</u>. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –
    (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
    (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

At sentencing, the Court determined that Defendant was responsible for at least 5.89 kilograms of "crack" cocaine, which under the recent retroactive amendments still results in a base offense level of 38. Following the three level

reduction for acceptance of responsibility, the total offense level remains at 35. Therefore, Defendant's guideline range is not changed. Section (a)(2)(B) above excludes Defendant from a reduction because the amendments do not lower his applicable guideline range. Accordingly, it is

**ORDERED** that Defendant's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) is hereby **DENIED**.

**SIGNED** this 15 day of March, 2010.

_____
WALTER S. SMITH, JR.
**Chief United States District Judge**